IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHAOHUA DAI, *an individual*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-1815-RP |
| | § | |
| SHENZHEN JUYUANSHENG ZHINENG | § | |
| KEJI YOUXIAN GONGSI, *d/b/a* | § | |
| SHOULDYAOWANG – GLOBE, *a Chinese* | § | |
| *corporation*, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Chaohua Dai's ("Plaintiff's) Ex Parte Motion for Entry of

Temporary Restraining Order ("TRO"), (Dkt. 6), Memorandum in Support of Plaintiff's Motion for

TRO, (Dkt. 6-1), and Proposed TRO, (Dkt. 6-3). Also before the Court is Plaintiff's Amended

Complaint,[1] (Dkt. 5), and Plaintiff's counsel's declaration in support of Plaintiff's TRO Motion,

(Dkt. 6-2). Having reviewed the motion, the supporting evidence, and the relevant law, the Court

finds that Plaintiff's request for an ex parte TRO should be denied in part and granted in part as to

Plaintiff's request for expedited discovery.

## I. BACKGROUND

This is a civil action for patent infringement. On November 12, 2025, Plaintiff filed suit in

the Austin Division of the Western District of Texas, (Dkt. 1), and subsequently filed the instant ex

parte TRO motion on December 8, 2025, (Dkt. 6). Plaintiff is an individual residing in China who is

the lawful owner of Design Patent No. U.S. D1,035,079 S ("the D'079 Patent). (Am. Compl., Dkt. 5,

at 2). The D'079 Patent is a "portable LED fill light that can be mounted on smartphones or other

---

[1] Though the docket indicates in a deficiency notice that the Amended Complaint was filed improperly, the
Court notes that it was no longer filed improperly, as Plaintiff's request to file it under seal has been
withdrawn.

1

mobile devices." (*Id.* at 4). Defendant Shenzhen Juyuansheng Zhineng Keji Youxian Gongsi d/b/a ShouldYaoWang – Globe ("Defendant") is a Chinese corporation[2] engaged in the sale of lighting products on online platforms, including Amazon. (*Id.*). Plaintiff alleges recently discovering that Defendant sells products ("the Accused Products") that infringe the D'079 Patent; Plaintiff never licensed, assigned, or otherwise authorized Defendant to sell products embodying the D'079 Patent. (*Id.* at 4). According to Plaintiff, Defendant has "targeted consumers in Texas and across the United States by operating an e-commerce store accessible to U.S. consumers, offering shipping to Texas, accepting payment in U.S. dollars, and, on information and belief, selling infringing products to Texas residents." (*Id.*).[3] Plaintiff pleads that Defendant's unauthorized use of Plaintiff's patented design "creates the false impression of association with or endorsement by Plaintiff" and that its ongoing infringement is causing Plaintiff irreparable harm. (*Id.* at 4–5). Relatedly, Plaintiff's counsel swears in her declaration that the "infringing products are usually of lesser quality that Plaintiff's products and will harm Plaintiff's goodwill and business reputation in the long run." (Ouyang's Decl., Dkt. 6-2).

Plaintiff's TRO motion argues that Plaintiff is "likely to suffer two primary forms of irreparable harm: (1) loss of customer's goodwill and (2) reputational harm." (TRO Mot., Dkt. 6-1, at 7–8). Plaintiff further argues that Defendant's infringement is "likely to cause consumer confusion," which Plaintiff asserts is not fully compensable by money damages. (*Id.* at 8–9). Additionally, Plaintiff contends that, because Defendant is a Chinese corporation, any monetary judgment is likely uncollectable. (*Id.* at 9). Plaintiff seeks the relief of "a temporary injunction, a temporary asset restraint, and expedited discovery." (*Id.* at 1).

---

[2] Plaintiff alleges that, on information and belief, Defendant exploits the anonymity allowed on e-commerce platforms to conceal its identity behind seller aliases and frequently changes its store names when infringement claims are made. (Am. Compl., Dkt. 5, at 5).

[3] The Court notes that Plaintiff only alleges that infringing products were sent into Texas or that Defendant targeted Texas residents; Plaintiff does not specifically allege facts supporting this case being brought in the *Western District* of Texas.

## II. LEGAL STANDARD

A TRO is an extraordinary form of relief and is "a highly accelerated and temporary form of preliminary injunctive relief, which may be granted without notice to the opposing party or parties." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008); *Cotton v. Tex. Express Pipeline, LLC*, No. 6:16-CV-453-RP-JCM, 2017 WL 2999430, at *1 (W.D. Tex. Jan. 10, 2017). But under Federal Rule of Civil Procedure 65, a court may issue a TRO without written or oral notice to the adverse party only if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). In addition to these requirements, the moving party must carry its burden on all of the requirements for preliminary injunctive relief; that is the moving party must show it is "likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 (2008).

In patent infringement cases, the Court will apply Federal Circuit law to the "substantive issues of patent law" but Fifth Circuit precedent to "general procedural question[s]," including whether to grant injunctive relief. *See Tinnus Enters., LLC v. Telebrands Corp.*, 846 F.3d 1190, 1202–03 (Fed. Cir. 2017) ("In general, we review preliminary injunctions using the law of the regional circuit—here, the Fifth Circuit—because '[t]he grant, denial, or modification of a preliminary injunction . . . is not unique to patent law.'").

3

### III. DISCUSSION

### A. Likelihood of Success on the Merits

To succeed on a patent infringement claim, a plaintiff must show that it will likely prove infringement of the asserted patent and likely withstand any invalidity challenges. *See Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017). The burden of proof as to infringement falls on the patentee. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008). An analysis of the D'079 patent and one of the Accused Products, the "60 LED Portable Selfie Light," indicates that the products are nearly identical.[4] The first image below shows the current Amazon product page for the 60 LED Portable Selfie Light; the second image below depicts Figure 3 of the D'079 Patent.



---

[4] One of the Accused Products, "60 LED Portable Selfie Light Video Conference Lighting with Clip & Camera Tripod Adapter Rechargeable 2000mAh CRI 97+, 3 Light Modes for Phone iPhone Webcam Laptop Photo Makeup," currently located at https://www.amazon.com/dp/B0DXL2WHRS?th=1 (last visited Jan. 16, 2026), looks nearly identical to the D'079 Patent. Plaintiff has shown a likelihood of success on the merits based on this Accused Product. The other two products linked to by Plaintiff, (Links to Accused Products, Dkt. 5, at 23), currently located at https://www.amazon.com/dp/B0FBWFST3T?th=1 (last visited Jan. 16, 2026), and https://www.amazon.com/dp/B0FBWKHNV3?th=1 (last visited Jan. 16, 2026), have a different shape and a different mechanism to attach the light to a mobile device. An ordinary observer would not confuse the patented design with these two products. Thus, at this stage of the litigation, Plaintiff has not shown a likelihood of success on the merits for the latter two Accused Products.



FIG. 3

(D'079 Patent Figure 3, Dkt. 5, at 16). The shape of the 60 LED Portable Selfie Light in its horizontal configuration and the method of attachment for mounting the light on a smartphone are so similar that an ordinary observer would believe the accused products are the same as the patented design. *See id.* at 682 (explaining that to succeed on a design patent infringement claim, the test is whether an ordinary observer would be deceived into thinking that the patented design and accused product are the same).

Additionally, Plaintiff has provided evidence to support that the D'079 Patent remains a valid patent. As such, the presumption of validity applies. *See Titan Tire Corp. v. Case New Holland, Inc.,* 566 F.3d 1372, 1377 (Fed. Cir. 2009) ("[T]he patent enjoys the same presumption of validity during preliminary injunction proceedings as at other stages of litigation."). Because Plaintiff has demonstrated a likelihood of success on the merits for one of the Accused Products, this factor supports the issuance of a TRO.

## B. Irreparable Harm

Demonstrating irreparable harm requires the moving party to show that irreparable injury is not merely possible, but likely. *See Winter*, 555 U.S. at 22. The moving party must show "a significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair the harm." *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390, 1934 (5th Cir. 1986) (citations omitted). And, to be entitled to ex parte injunctive relief, it is not enough for the movant to allege irreparable harm. See Fed. R. Civ. P. 65(b)(1)(A). The movant must also "clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*." *Id.* (emphasis added).

Plaintiff alleges that, without an injunction, Defendants' continued misuse of the D'079 patent will irreparably harm Plaintiff's reputation and customer goodwill. (TRO Mot., Dkt. 6-1, at 9). It is true that "loss of goodwill" and "damage to reputation" are "valid grounds for finding irreparable harm" in the context of patent infringement. *Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013) (quoting *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012)). The Court finds, however, that Plaintiff's evidence in support of reputational harm or loss of goodwill is extremely thin. Plaintiff's counsel swears in her declaration, "The infringing products sold by the Defendant will confuse the consumers and dilute the rightful holders' consumer base, causing Plaintiff to lose business." (Ouyang Decl., Dkt. 6-2, at 3). She also swears, "In addition, the infringing products are usually of lesser quality than Plaintiff's products and will harm Plaintiff's goodwill and business reputation in the long run. The infringing products will erode Plaintiff's rights in the patented design, harming Plaintiff's ability to utilize and exploit the patented design." (*Id.*) Beyond these conclusory assertions, there is no evidence in the record to support that Plaintiff has lost customers or suffered reputational harm as a result of the alleged infringement. *See Takeda Pharms. U.S.A, Inc. v. Mylan Pharms., Inc.*, 967 F.3d 1339, 1349 (Fed. Cir. 2020) ("[A] bare

6

assertion of irreparable harm is never sufficient to prove such harm or justify the 'extraordinary remedy' of a preliminary injunction. . . .").

Regarding Plaintiff's assertion about product quality, Plaintiff has provided the Court with links to the Accused Products on Amazon.com. The 60 LED Portable Selfie Light, which the Court has agreed is substantially the same as the D'079 Patent, has a rating of 4.6/5.0 stars with 419 reviews as of the date of this Order,[5] as shown on the product's page in Section III(A), *supra*. Such a high rating, without any evidence to the contrary from Plaintiff, makes the Court skeptical of Plaintiff's unsupported claim that the 60 LED Portable Selfie Light is often of lower quality than Plaintiff's products. Notably, Plaintiff's counsel does not claim that she or an agent of hers purchased the Accused Product and compared its quality to Plaintiff's products.[6] Nor does Plaintiff's counsel cite to any particular reviews complaining about the Accused Product's poor quality as compared to the customer's expectations. As a result, the Court finds that any reputational harm to Plaintiff is purely speculative, which is not sufficient to prove the "extraordinary remedy" of injunctive relief. *See Takeda Pharms.*, 967 F.3d at 1349.

Additionally, Plaintiff asserts that any harm caused by the Accused Products is irreparable because it will be extremely difficult for Plaintiff to recover funds to satisfy a judgment for damages. (Am. Compl., Dkt. 5, at 5). According to Plaintiff and Plaintiff's counsel, because Defendant is a foreign company that operates under a seller alias and uses overseas financial accounts outside of the jurisdiction of this Court, Defendant is likely to move assets beyond this Court's reach without an immediate asset restraint order. (Ouyang Decl., Dkt. 6-2, at 3). The Federal Circuit has approvingly

---

[5] The Court takes judicial notice of the product's Amazon.com page, as it is provided to the Court by Plaintiff, and the product's current rating "can be accurately and readily determined," and the accuracy of its current rating "cannot reasonably be questioned." *See* Fed. R. Evid. 201(b).

[6] As a comparison, in *ConcernedApe LLC v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 1:25-CV-1537-RP, the plaintiff supported its motion for a TRO by purchasing allegedly infringing products into this District and providing photos to the Court depicting the products' inferior quality (e.g., showing low-quality stitching on t-shirts and stuffed animals), (Dkt. 1). *See ConcernedApe LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:25-CV-1537-RP (W.D. Tex. Sept. 23, 2025).

cited a district court's finding that "a plaintiff demonstrated the inadequacy of monetary damages because 'all three defendants are foreign corporations and that there is little assurance that it could collect monetary damages.'"[7] *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, No. 2:04-CV-32, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007), *vacated and remanded on other grounds*, 521 F.3d 1351 (Fed. Cir. 2008)).

In summary, Plaintiff's lack of evidence supporting the existence of an imminent risk of injury to Plaintiff's reputation and customer goodwill weighs against the issuance of a TRO. On the other hand, the alleged risk that Defendant will move ill-gotten profits beyond this Court's reach and change aliases to avoid enforcement weighs in favor of the issuance of a TRO. Whether the factor of irreparable harm weighs in favor of a TRO is therefore a close call. A close call is not enough to warrant the granting of an ex parte TRO. *See* Fed. R. Civ. P. 65(b) (mandating that a TRO can "*only*" be issued without notice if "specific facts in an affidavit or verified complaint *clearly show* that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition") (emphasis added); *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (citation omitted) (stating the rule that injunctive relief is "an extraordinary and drastic remedy" and "should only be granted when the movant has *clearly carried the burden of persuasion*") (emphasis added). Because Plaintiff has not clearly shown the risk of immediate irreparable injury before Defendant has the opportunity to respond in opposition, the Court will not reach the remaining TRO factors. Plaintiff's request for an ex parte TRO seeking to restrain Defendant's actions and assets is denied.[8]

---

[7] Plaintiff does not provide the Court with analysis on whether Plaintiff and Defendant both being residents of China will affect Plaintiff's ability to recover damages. Should Plaintiff subsequently file a motion for a preliminary injunction, the Court would appreciate briefing on this matter.

[8] The Court also notes that, prior to filing the instant case, Plaintiff also filed a case against Defendant in the District of Colorado. See *Dai v. Shenzhen Juyuansheng Zhineng Keji Youxian Gongsi a Chinese corporation d/b/a ShouldYaoWang Globe*, No. 1:25-CV-2536-DDD-TPO (D. Colo. Aug. 13, 2025). Though the complaint in the District of Colorado case is redacted, (No. 1:25-CV-2536-DDD-TPO, Dkt. 1), it appears to be identical or nearly identical to the live complaint in this case, (Dkt. 5). Plaintiff did not inform this Court of the case pending in the District of Colorado. The Court is concerned that Plaintiff may be

The Court will, however, allow Plaintiff to undertake expedited discovery to determine the identity and contact information of Defendant and its agents, as Plaintiff must have this information to properly serve Defendant and give it notice of this action and any future motions for injunctive relief.

Finally, the Court notes that Plaintiff has improperly included in the Proposed Temporary Restraining Order, (Dkt. 6-3), an order granting substitute service on Defendant without any briefing whatsoever on the issue of substituted service in the motion itself. Should Plaintiff wish to serve Defendant through electronic service, Plaintiff must file a motion requesting permission to do so.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Ex Parte Motion for Entry of Temporary Restraining Order, (Dkt. 6), is **DENIED IN PART**, such that Plaintiff's motion for a TRO to restrain Defendant's actions and assets is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Ex Parte Motion for Entry of Temporary Restraining Order, (Dkt. 6), is **GRANTED IN PART**, such that upon Plaintiff's request, any Third-Party with actual notice of this Order who is providing services for Defendant, or in connection with any of the Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com, Inc. ("Amazon") (collectively, the "Third-Party Providers") shall, within **fourteen (14)** calendar days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to the identities and locations of Defendant, its affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or

---

seeking identical injunctive relief in the District of Colorado case. **Should Plaintiff subsequently move for a preliminary injunction, Plaintiff is instructed to include in the motion whether the relief being sought in the instant case is duplicative of the relief being sought in the District of Colorado case**.

participation with them, including all known contact information and all associated e-mail addresses.

Plaintiff is authorized to issue any such expedited discovery requests via e-mail.

      **SIGNED** on January 16, 2026.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE